UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT SCHULLER and ANN SCHULLER,**

    Plaintiffs,
v.                                                                   **Case No.: 8:16-cv-2606-T-35AAS**

**GEOVERA SPECIALITY INSURANCE COMPANY,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

GeoVera Specialty Insurance Company (GeoVera) moves for an order awarding its attorney's fees and taxable costs, plus post-judgment interest. (Docs. 113, 114, 127).

### I.   BACKGROUND

Robert Schuller and Ann Schuller brought this breach of contract action in the Tenth Judicial Circuit for Polk County, Florida. (Doc. 1). GeoVera removed the action to federal court. (*Id.*). On February 21, 2017, GeoVera served the Schullers with an Offer of Judgment/Proposal for Settlement (settlement proposal), which offered $50,000.00 in exchange for the Schullers' execution of a general release. (Doc. 113, Ex. A). The Schullers rejected the settlement proposal.

On September 27, 2018, the court granted GeoVera's Motion to Dismiss or, Alternatively, Motion for Judgment on the Pleadings and/or Motion to Enter Final

1

Judgment, and the Clerk entered judgment in favor of GeoVera. (Doc. 109, 110). GeoVera now seeks its attorney's fees and costs. (Docs. 113, 114, 137). The Schullers oppose GeoVera's requests. (Docs. 121, 122).

## II.  ANALYSIS

The undersigned will address GeoVera's motion for attorney's fees (Doc. 113) and then its motion for taxation of costs (Doc. 114).

### A.  Motion for Attorney's Fees

On February 21, 2017, GeoVera served a settlement proposal under Federal Rule of Civil Procedure 68 and Florida Statute § 768.79. (Doc. 113, Ex. A, ¶¶ 1-2). Federal law preempts a state statute when the two directly conflict, but Section 768.79 and Rule 68 do not conflict. *Menchise v. Akerman Senterfitt*, 532 F.3d 1146 (11th Cir. 2008). If a defendant serves an offer of judgment or proposal of settlement that is rejected, Florida Statute § 768.79 provides for the defendant's recovery of reasonable attorney's fees incurred. *Gardner v. Ford Motor Company*, 6:14-cv-508-Orl-18DAB, 2015 WL 9673582 (M.D. Fla. December 11, 2015).

When jurisdiction is based on diversity, the forum state's substantive law applies. *Evanston Insurance Co., v. Premium Assignment Corp.*, No. 8:11-cv-2630-T-33TGW, 2013 WL 3285274 (M.D. Fla. June 26, 2013) (citation omitted). Florida Statute § 768.79 and Florida Rule of Civil Procedure 1.442 are applicable. *Horowitch v. Diamond Aircraft Industries, Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011). Rule 1.442, which implements section 768.79, provides:

2

> A proposal may be made by or to any party or parties and by or to any combination of parties properly identified in the proposal. A joint proposal shall state the amount and terms attributable to each party.

Fla. R. Civ. P. Rule 1.442(c)(3).

In *Attorneys' Title Insurance Fund, Inc. v. Gorka*, the Florida Supreme Court applied rule 1.442(c)(3) and considered "whether a joint offer of settlement or judgment that is conditioned on the mutual acceptance of all of the joint offerees is valid and enforceable." 36 So. 3d 646, 649 (Fla. 2010). There, the defendant made an offer to two plaintiffs for payment of $12,500.00 to one plaintiff and payment of $12,500.00 to the other plaintiff "in full settlement of all claimed damages, attorneys' fees, and costs." *Id.* at 647. The proposal was conditioned upon the offer being accepted by both plaintiffs. *Id.* The court held the proposal was invalid "because it is conditioned such that neither offeree can independently evaluate or settle his or her respective claim by accepting the proposal."[1] *Id.*; *see also Bradfield v. Mid-Continent Cas. Co.*, 692 F. App'x 978, (11th Cir. 2017) (affirming district court's denial of attorney's fees because *Gorka*'s "bright line rule" prohibits joint offer of judgment

---

[1] The court explained that "we have drawn from the plain language of rule 1.442 the principle that to be valid and enforceable a joint offer must (1) state the amount and terms attributable to each party, and (2) state with particularity any relevant conditions. A review of our precedent reveals that this principle inherently requires that an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties' decisions. Otherwise, a party's exposure to potential consequences from the litigation would be dependently interlocked with the decision of the other offerees." *Gorka*, 36 So. 3d at 650 (citation omitted).

3

conditioned on the mutual acceptance of all offerees even when case involves offerees with a close personal or financial relationship).

A joint proposal for settlement must be structured so each offeree can independently evaluate and settle his or her respective claim without regard to another offeree's decision. *See Pacheco v. Gonzalez*, 254 So. 3d 527, n.6 (Fla. 3rd DCA 2018); *see also Chastain v. Chastain*, 119 So. 3d 547, 550 (Fla. 1st DCA 2013) (holding a proposal for settlement was invalid even when the proposal "did not expressly require joint acceptance," but was conditioned on joint acceptance); *Schantz v. Sekine*, 60 So. 3d 444, 446 (Fla. 1st DCA 2011) (finding a settlement proposal invalid when mutual acceptance of the offer and joint action included).

Here, the settlement proposal states the offer resolves all claims asserted or that could be asserted by the Schullers. (Doc. 113, Ex. A, ¶¶ 3–4). In exchange for accepting the offer, the Schullers must execute a release of all claims in favor of GeoVera, and voluntarily dismiss with prejudice all claims. (*Id.* at ¶¶ 8–9). The settlement proposal requires the general release to be signed by both Robert Schuller and Ann Schuller in exchange for $50,000.00 made payable to Robert Schuller and Ann Schuller. (*Id.*). By its terms, the settlement proposal conditions settlement on Robert Schuller's and Ann Schuller's "mutual acceptance of the offer and joint action in accordance with its terms." *See Schantz*, 60 So. 3d at 446. Thus, the settlement proposal fails to meet the requirement that both offerees be able to "independently evaluate or settle his or her respective claim by accepting the proposal." *Gorka*, 536

4

So. 3d at 647.

Considering the foregoing, the settlement proposal is invalid, unenforceable, and cannot support an award of attorney's fees under section 768.79 and rule 1.442.[2] The undersigned recommends GeoVera's request for an award of attorney's fees be denied.

### B. Motion for Taxation of Costs

GeoVera seeks an award of $12,115.02 in taxable costs, broken down as follows: fees to the clerk ($400.00); fees for service ($949.00); fees for printed or electronically recorded transcripts ($10,619.42); and fees for exemplification and copies ($146.60). (Doc. 115, p. 1).

Absent explicit statutory or contractual language, courts may only award the prevailing party costs outlined in 28 U.S.C. §§ 1821 and 1920. Fed. R. Civ. P. 54(d)(1); *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).[3] The costs a court may award under Section 1920 "are limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Costs awarded under Section 1920 "almost always amount to less than the successful

---

[2] Neither *Gorka* exception is applicable here. First, *Gorka* "does not apply to a proposal for settlement made by multiple offerors to a single offeree." *Pacheco*, 254 So. 3d at 532. Here, the settlement proposal was made by a single offeror to two offerees. The second exception applies when "a party is alleged to be solely vicariously, constructively, derivatively, or technically liable" pursuant to rule 1.442(c)(4). *Id.* That is not alleged here.

[3] The Schuellers do not dispute GeoVera is the prevailing party. (*See* Doc. 122).

litigant's total expenses in connection with a lawsuit." *Id.* (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 2666 pp. 202–03 (3d ed. 1998)).

After the prevailing party files a verified bill of costs, the nonprevailing party must demonstrate proposed costs are not taxable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt, Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) (citations omitted); *see also Arcadian Fertilizer, LP v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted) (stating that "[t]he presumption is in favor of awarding costs").

The Schullers argue some of GeoVera's requested costs related to deposition transcripts and copying costs are not taxable. (Doc. 122, pp. 3–6).

### 1. Deposition Transcripts

GeoVera requests reimbursement for the expedited transcript and the digital and condensed transcripts for the depositions of Brittany Megivern, Ann Schuller, David E. Hewitt, Justin James, James Funderburk, John Pilla, Jr., Steve Grimes, and Robert Schuller. (Doc. 115, pp. 3–18). The Schullers contend these costs are not recoverable. (Doc. 122, pp. 3–4).

Costs associated with the convenience to counsel of a condensed or digital transcript in addition to a standard transcript are generally not recoverable. *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-CV-1591-ORL-31GJK, 2015 WL 4352048, at *6 (M.D. Fla. July 14, 2015). The extra charges for digital and condensed transcripts are:

6

| Name | Condensed | Digital | Total |
|---|---|---|---|
| Brittany Megivern | $16.00 | | $16.00 |
| Ann Schuller | $16.00 | | $16.00 |
| David Hewitt | $16.00 | $30.00 | $46.00 |
| Justin James | $16.00 | $30.00 | $46.00 |
| James Funderburk | $16.00 | $30.00 | $46.00 |
| John Pilla, Jr. | $16.00 | $30.00 | $46.00 |
| Steve Grimes | $16.00 | | $16.00 |
| Robert Shuller | $16.00 | $30.00 | $46.00 |
| | | | **$278.00** |

(Doc. 115, pp. 3–18). GeoVera failed to explain why condensed and digital transcripts were necessary, as opposed to a convenience for counsel. Thus, the amount of **$278.00** for these additional transcript formats should not be taxed against the Schullers.

Likewise, costs associated with expedited transcripts should not be taxed as a matter of course. *See Maris Dist. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002) (stating that costs associated with expedited trial transcripts should not be ordinarily allowed). GeoVera failed to explain why an expedited transcript of James Funderburk's deposition was necessary. (*See* Doc. 115, p. 10). Thus, the amount of **$703.12** for this expedited transcript should not be taxed against the Schullers.

In addition, costs for shipment of deposition transcripts are not taxable. *Watson v. Lake Cty.*, 492 Fed. Appx. 991, 997 (11th Cir. 2012). Therefore, **$144.95**[4]

---

[4] The Schullers oppose deposition shipping fees in the amount of $119.95. (Doc. 122, p. 5). However, the undersigned calculates these shipping fees to total $144.95.

7

for shipment of the deposition transcripts of David E. Hewitt, Justin James ($30.00),[5] James Funderburk ($25.00), John Pilla, Jr. ($25.00), Steve Grimes ($25.00), Robert Schuller ($25.00), and David Wilshaw ($14.95), should not be taxed against the Schullers. (Doc. 115, pp. 5, 10–12, 15, 18).

### 2. Copying Costs

To recover copying costs under Section 1920(4), the prevailing party must show the copies were "necessarily obtained for use in the case." *U.S. EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The prevailing party may not recover copying costs incurred merely for counsel's convenience. *Id.* at 620–21. Failing to demonstrate that copies were necessary usually results in denying copying costs. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1340–41 (M.D. Fla. 2002) (denying request for copying costs because the prevailing parties failed to demonstrate they necessarily obtained copies for use in the case).

GeoVera seeks reimbursement for copying costs in two sections of its amended bill of costs. First, as part of the $10,619.42 sought on the third line of the amended bill of costs, GeoVera seeks reimbursement for copying costs presumably associated with depositions. (Doc. 122, p. 1). Second, on the sixth line of the amended bill of costs, GeoVera seeks $146.60 in fees for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case."

---

[5] The deposition transcripts of both David Hewitt and Justin James were shipped together at a cost of $30.00. (*See* Doc. 115, p. 5).

(*Id.*).

    <u>Taxing Costs for Copies for Depositions.</u>  The Schullers oppose $471.22 of the copying charges presumably made in connection with depositions.  (*Id.* at pp. 4–5). Specifically, the Schullers oppose copying costs referenced in three separate Avalon Document Services invoices lacking any explanation or notation concerning the reason for the copies other than "color copies."  Those invoices are TJUL170150 for $178.90 (Doc. 115, p. 21), TJUN170010 for $84.26 (*Id.* at p. 23), and TMAY170084 for $14.71 (*Id.* at p. 39).  Neither the invoices nor counsel's payments reference the purpose of these three copy invoices totaling $277.87.  Therefore, these copy charges ($277.87) will not be taxed against the Schullers.

    Additionally, the Schullers point out GeoVera fails to explain why documents for the corporate representative deposition and plaintiffs' depositions were copied on separate days resulting in multiple invoices for the deposition documents.  More specifically, in preparation for Mr. Schuller's deposition, Avalon Document Services copied documents on February 28, 2017 at a cost of $82.28 (*Id.* at 43) and on March 1, 2017 at a cost of $30.60 (*Id.* at 41).  Then, in preparation for the corporate representative's deposition, Avalon Document Services copied documents on May 11, 2017 at a cost of $223.95 (*Id.* at p. 30) and on May 12, 2017 at a cost of $162.76 (*Id.* at p. 29).  The Schullers argue these unexplained subsequent invoices should be discounted.  Because the invoices reference the purpose for the copies and copying documents piecemeal does not equate to the Schullers' position that the copies were

9

not "necessarily obtained for use in the case," recovery of these invoices should be permitted.

<u>Taxing Other Copy Costs.</u>  Second, GeoVera seeks reimbursement of $146.60, for "copying and printing costs incurred by GeoVera in conjunction with the deposition [sic], discovery, and dispositive motions . . . ." (Doc. 114, p. 4; *see also* Doc. 115, pp. 1, 45). The Schullers did not demonstrate that this minimal amount of copying charges are not taxable. Considering the voluminous filings and the stage of litigation at the time judgment was entered in favor of GeoVera, this request is appropriate and recoverable.

### III.   CONCLUSION

GeoVera should be awarded $**10,711.19**[6] for taxable costs. GeoVera also requests post-judgment interest. (Doc. 114, p. 6). Under 28 U.S.C. § 1961, courts allow interest on money judgments in civil cases. When a district court awards costs to a prevailing party, the award bears interest from judgment. *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799–800 (11th Cir. 1988). Therefore, GeoVera should be awarded post-judgment interest on its award of taxable costs beginning September 27, 2018 (the date the Clerk entered judgment in this case).

---

[6] $12,115.02 (total amount of costs requested by GeoVera) - $278.00 (cost for condensed and digital transcripts removed) - $703.12 (cost for expedited deposition transcript removed) - $144.95 (costs for shipment of deposition transcripts removed) - $277.87 (removed costs for unexplained copying charges made in connection with depositions) = $10,711.08.

10

Therefore, it is **RECOMMENDED** that:

1) GeoVera's Motion for Attorney's Fees (Doc. 113) be **DENIED**;

2) GeoVera's Motion to Tax Costs (Doc. 114) be **GRANTED-IN-PART AND DENIED-IN-PART**; and

3) GeoVera be awarded taxable costs of **$10,711.08**, plus post-judgment interest.

**ORDERED** in Tampa, Florida on April 30, 2019.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations in this report within fourteen days from the date of this service bars an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).