**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ROBERT SCHULLER and ANN
SCHULLER,

    Plaintiffs,

v.                                        Case No: 8:16-cv-2606-T-35AAS

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant GeoVera's Motion to Tax Attorneys' Fees, (Dkt. 113); Plaintiffs Robert Schuller and Ann Schuller's Response in opposition thereto, (Dkt. 121); Defendant's Verified Motion to Tax Costs, (Dkt. 114); and Plaintiffs' Response in opposition thereto. (Dkt. 122)

On April 30, 2019, United States Magistrate Judge Amanda A. Sansone issued a Report and Recommendation ("R&R"), finding that Defendant's Offer of Judgment/Proposal for Settlement ("Settlement Proposal") was "invalid, unenforceable, and cannot support an award of attorney's fees under [Florida Statute Section] 768.79 and [Florida Rule of Civil Procedure ("FRCP")] 1.442."[1] (Dkt. 128 at 5) As such, Judge Sansone recommended that Defendant's Motion to Tax Attorneys' Fees, (Dkt. 113), be denied. Judge Sansone also found that Defendant's Verified Motion to Tax Costs included

---

[1] Because this action was a state law claim based on diversity jurisdiction, Florida substantive law applies. Horowitch v. Diamond Aircraft Industries, Inc., 645 F.3d 1254, 1258 (11th Cir. 2011); see also Evanston Insurance Co., v. Premium Assignment Corp., No. 8:11-cv-2630-T-33TGW, 2013 WL 3285274 (M.D. Fla. June 26, 2013) (citation omitted).

some costs that are not recoverable and should be reduced. (Dkt. 128 at 5–10) As such, Judge Sansone recommended that Defendant's Verified Motion to Tax Costs, (Dkt. 114), be granted in part and denied in part. On May 14, 2019, Defendant filed an Objection to Judge Sansone's R&R. (Dkt. 129) On June 14, 2019, Plaintiff filed a Response in opposition to Defendant's Objection. (Dkt. 130) On June 24, 2019, with the Court's approval, (Dkt. 132), Defendant filed a Reply to Plaintiffs' Response. (Dkt. 133) For the reasons that follow, the Court **OVERRULES** Defendant's Objection and **ADOPTS AND APPROVES** the Report and Recommendation of Judge Sansone.

In the Eleventh Circuit, a district judge may accept, reject, or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); see also Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

In the Objection, Defendant challenges Judge Sansone's recommendation that the Motion for Attorneys' Fees be denied.[2] (Dkt. 129) Specifically, Defendant objects to Judge Sansone's reliance upon Attorneys' Title Insurance Fund, Inc. v. Gorka, 36 So. 3d 646, (Fla. 2010), in determining that Defendant's Settlement Proposal is "invalid, unenforceable, and cannot support an award of attorney's fees under [Florida Statute §] 768.79 and Rule 1.442." (Id.; Dkt. 128 at 5); Gorka, 36 So. 3d at 649 (Fla. 2010) (establishing a bright line rule prohibiting joint offer of judgment conditioned on the mutual acceptance of all offerees even when case involves offerees with a close personal or financial relationship). Defendant asserts that Gorka is factually dissimilar to this case and maintains that it is entitled to attorneys' fees "based upon the more factually comparable case of Hall v. Lexington[,]" 895 So. 2d. 1161 (Fla. 4th DCA 2005) (predating Gorka and holding that an offer of settlement was not required to apportion amounts attributable to each insured). (Dkt. 129 at 1)

In the R&R, Judge Sansone determined that Defendant is not eligible to recover for attorneys' fees because the Settlement Proposal that Defendant offered required mutual acceptance by both Plaintiffs. (Dkt. 128 at 3–4) Specifically, on February 21, 2017, GeoVera served a Settlement Proposal to Plaintiffs under Federal Rule of Civil Procedure 68 and Florida Statute § 768.79. (Dkt. 113–1 at ¶¶ 1–2) In exchange for $50,000.00—made payable to both Robert Schuller and Ann Schuller—the Settlement Proposal required a general release to be signed by Robert Schuller and Ann Schuller, resolving all claims asserted or that could be asserted by both of the Schullers. (Id. at ¶¶

---

[2] Defendant has no objection to Judge Sansone's recommendation "as to GeoVera's Motion for Taxation of Costs." (Dkt. 129 at 1)

3–4, 8–9) The proposal did not offer either Plaintiff an option to settle unilaterally.³ As such, the Settlement Proposal failed to meet the requirement that both offerees be able to "independently evaluate or settle his or her respective claim by accepting the proposal." Id.; Gorka, 536 So. 3d at 647; see also Bradfield v. Mid-Continent Cas. Co., 692 F. App'x 978 (11th Cir. 2017) (affirming district court's denial of attorney's fees based on Gorka's "bright line rule").

Despite Defendant's assertions to the contrary, the Eleventh Circuit has made no distinction, and this Court similarly finds no such distinction, between the Gorka decision and this case. "The Florida Supreme Court has explicitly held that the plain language of Rule 1.442(c)(3) mandates that settlement proposals be differentiated between the parties, regardless of the number of plaintiffs and defendants involved or the theory of liability." KMS Rest. Corp. v. Wendy's Int'l, Inc., 194 F. App'x 591, 597 (11th Cir. 2006) (citing Lamb v. Matetzschk, 906 So. 2d 1037 (Fla. 2005); Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276 (Fla. 2003)). By its terms, the Settlement Proposal that Defendant offered requires both Plaintiffs' "mutual acceptance of the offer and joint action in accordance with its terms." See Shantz v. Sekine, 60 So. 3d 444, 446 (Fla. 1st DCA 2011) (finding a settlement proposal invalid when conditioned on joint action and mutual acceptance of the offer). Thus, the Settlement Proposal in this case fails to meet Gorka's "bright line rule" that both offerees be able to "independently evaluate or settle his or her respective claim by accepting the proposal." Gorka, 536 So. 3d at 647; Bradfield, 692 F. App'x at 978. Moreover, as Plaintiffs noted in the Response to Defendant's Objection, the

---

³ Plaintiffs ultimately rejected the settlement offer. See Fla. R. Civ. P. 1.442(f)(1) ("A proposal shall be deemed rejected unless accepted by delivery of a written notice of acceptance within 30 days after service of the proposal.").

4

Hall case cited by Defendant was abrogated by the Fourth District Court of Appeal in Graham v. Peter K. Yeskel 1996 Irrevocable Trust, 928 So.2d 371, 374 (Fla. 4th DCA 2006). (Dkt. 130 at 5 (citing KMS Rest. Corp. v. Wendy's Int'l, Inc., 194 F. App'x 591, n.5 (11th Cir. 2006))).[4]

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 128), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Defendant GeoVera's Motion to Tax Attorneys' Fees, (Dkt. 113), is **DENIED**.

3. Defendant's Verified Motion to Tax Costs, (Dkt. 114), is **GRANTED IN PART AND DENIED IN PART**. Defendant is awarded **$10,711.08** in costs as the prevailing party.

4. The **CLERK** is directed to enter judgment in the amount of **$10,711.08** in favor of Defendant and against Plaintiff.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of July, 2019.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

---

[4] In the Response, Plaintiffs cited to "*KMS*, 361 F.3d 1321,1326 (11th Cir. 2004)," which appears to be a scrivener's error citing the wrong Eleventh Circuit decision from multiple appeals of the same case. (Dkt. 130 at 5) The Court has corrected this error and cited the correct case, KMS Rest. Corp. v. Wendy's Int'l, Inc., 194 F. App'x 591, n.5 (11th Cir. 2006) ("We find KMS' reliance on *Hall* to be misplaced as it was recently abrogated in Graham v. Peter K. Yeskel 1996 Irrevocable Trust, 928 So. 2d 371, 374 (Fla. 4th DCA 2006) (citation omitted)).

5

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person